Mr. Winfred S. Clardy Executive Director Arkansas Teacher Retirement System #3 Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Clardy:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified as A.C.A. 25-19-101 (Supp. 1987). You have asked the following specific questions which have been paraphrased, and answered, as follows:
 1. Is the Teacher Retirement System (hereafter referred to as "the System") required to provide copies to the public of information relating to loan applications received from private individuals and corporations, even if the records include state and federal tax records and other personal financial information?
The answer to this question is, generally, yes.
A.C.A. 25-19-103 (Supp. 1987) defines a public record as follows:
 All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
Therefore, the records of the System fall under the broad definition of a public record subject to the inspection and copying provisions of the FOIA.
However, A.C.A. 25-19-105 (Supp. 1987), as amended by Act 49 of 1987, does exempt certain governmental records, among them "State income tax" records. Therefore, if the information in question includes an individual's state income tax records, the income tax information would be exempt from disclosure.
It should be noted that corporate and federal income tax records, as well as other personal financial information, enjoy no exemption from the Arkansas FOIA when in the files of the System.
2. Is the System required to release information contained in the above mentioned loan applications if the release would give advantage to competitors or bidders?
The answer to this question is no.
As previously noted, A.C.A. 25-19-105 (Supp. 1987), as amended by Act 49 of 1987, exempts from public disclosure certain governmental records. Among the exemptions is one for "files" which, if disclosed, would give advantage to competitors or bidders." Therefore, this type of information would be shielded from public inspection. This office has previously issued Opinion No. 87-194 which addresses the criteria for successfully claiming the competitive advantage exemption of the FOIA. A copy is enclosed for your review.
3. Is the System required to provide copies to the public of records which are exempt under the Federal Privacy or Freedom of Information Acts?
The answer to this question is no.
Please be aware that these Acts apply primarily to the records of federal agencies and some state agencies under federal regulation. We suggest that you contact either the United States Department of Justice or the United States Attorney's Office with respect to the particular provisions of these Acts.
4. If a loan has been paid in full, do the records upon which the loan was approved continue to be records subject to public inspection?
The answer to this question is yes.
As long as a record continues to be maintained in a public office or by public employees, the record is subject to the inspection and copying provisions of the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.